UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MALIBU MEDIA, LLC,**

    **Plaintiff,**

v.                                    Case No: 8:14-CV-659-T-33EAJ

**JOHN DOE subscriber assigned
IP address 24.94.99.165,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant John Doe's ("Doe Defendant's") **Omnibus Motion to Dismiss Action with Motion to Quash Non-Party Subpoenas or Enter Protective Order, with Incorporated Memorandum of Law** (Dkt. 8) and Plaintiff Malibu Media, LLC's ("Plaintiff's") **Memorandum in Opposition to Defendant's Omnibus Motion to Dismiss Action with Motion to Quash Non-Party Subpoenas or Enter Protective Order with Incorpated [sic] Memorandum of Law** (Dkt. 12). This matter has been referred to the undersigned for consideration and issuance of a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla. For the reasons that follow, the Court recommends denying Doe Defendant's Omnibus Motion to Dismiss Action with Motion to Quash Non-Party Subpoenas or Enter Protective Order, with Incorporated Memorandum of Law (Dkt. 8).

**Background**

On March 18, 2014, Plaintiff filed a complaint against Doe Defendant, alleging that Doe Defendant used a BitTorrent file sharing protocol to download, reproduce, and distribute Plaintiff's

copyrighted movies to numerous third parties without Plaintiff's consent or permission.[1] Through an investigation, Plaintiff determined that the Internet Protocol ("IP") address involved in the infringing conduct was 24.94.99.165. (Dkt. 1 Ex. 1).  On April 2, 2014, Plaintiff filed a Corrected Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. 6), which the Court granted on April 3, 2014 (Dkt. 7).  In its complaint, Plaintiff identified Doe Defendant's Internet Service Provider ("ISP") as Time Warner Cable.  On May 22, 2014, Doe Defendant filed the pending motion.

In the motion, Doe Defendant alleges that Plaintiff's case "is essentially, a house of cards, subject to imminent collapse." (Dkt. 8 at 5)  Doe Defendant moves for the case to be dismissed and for the subpoena to be quashed or that a protective order be "entered to save [Doe Defendant] the embarrassment and undue burden of having his/her private information released . . ." (Id.)  The basis for Doe Defendant's motion is that other courts have recently dismissed similar claims made by Plaintiff and that Plaintiff's case "is based solely on the allegations of a single unlicensed 'investigator'/expert, Mr. Tobias Fieser ["Mr Fieser"] of IPP International UG, who resides in Germany." (Id. at 3)  Specifically, Doe Defendant contends that an IP address alone is not sufficient to identify an infringing individual, the information on which Plaintiff relies in its claim has been unlawfully obtained because Mr. Feiser is not a licensed private investigator in the state of Florida and is therefore inadmissible, and Mr. Feiser has a contingent fee relationship with Plaintiff that equates to biased testimony that is inadmissible.

---

[1] This action is one of many filed by Plaintiff, a producer of adult films to which it owns valid copyrights, in federal courts. See In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80 (E.D.N.Y. 2012); Malibu Media, LLC v. John Does 1-22, No. 12-cv-1074-T-23AEP (M.D. Fla. July 9, 2012).

**Discussion**

**A.** Motion to Dismiss

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (citation omitted). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

First, Doe Defendant argues that others cases have found naming only an IP address is insufficient to identify an individual subscriber. In support of this argument, Doe Defendant cites cases from the United States District Court for the Southern District of Florida which have dismissed similar claims on the basis that an IP address does not identify an individual. See Malibu Media, LLC v. Doe, No. 1:14-cv-20213-UU (S.D. Fla. Mar. 19, 2014) (dismissing case where "[t]he Court finds that Plaintiff has not established good cause for the Court to reasonably rely on Plaintiff's usage of geolocation to establish the identity of the Defendant."); Malibu Media, LLC v. Doe, No. 14-20216-CIV-MORENO (S.D. Fla. April 4, 2014) (ordering Plaintiff to show cause "why the Court should rely on geolocation services to establish Defendant's identity and location in this district"). In response, Plaintiff points to other decisions that have rejected the reasoning relied on by Doe

Defendant. See Malibu Media, LLC v. Gilvin, No. 3:13-cv-72 JVB, 2014 WL 1260110, at *3 (N.D. Ind. Mar. 26, 2014) (denying motion to dismiss as Plaintiff's "allegations are not so sketchy or implausible that they fail to give Defendant sufficient notice of Plaintiff's claim").

Here, Plaintiff has met its burden to establish facts that could plausibly lead to relief. Plaintiff's complaint alleges that Defendant infringed its copyrights by copying and distributing 14 of its copyrighted works via BitTorrent software. (Dkt. 1 at 5-7)

To the extent that Doe Defendant contends that Plaintiff's use of geolocation technology is insufficient to identify him/her as the infringer, the Court has already recognized that the "the individual who pays for internet access at a given IP address may not be the same individual who engaged in the infringing activity." (Dkt. 7 at 4) In balancing this reality with Plaintiff's need to obtain the identity of the IP address it alleges infringed its copyrighted works, the Court imposed procedural protections in order to protect the internet subscriber. (Id. at 5-7) Regardless, Plaintiff's use of geotechnology at least provides a plausible claim that Doe Defendant infringed on its copyrighted works that the Court must accept as true at this stage of the pleadings.

Second, Doe Defendant alleges that the evidence Plaintiff has cited in support of its claim was obtained unlawfully and would be inadmissible at trial. Doe Defendant contends that Plaintiff's investigator, residing in Germany, is an investigator in violation of Florida's private investigator statutes, and the information would be inadmissible at trial because Mr. Feiser works on a contingency fee agreement. However meritorious these arguments might be, it is premature at this stage of the litigation to determine the admissibility of evidence that might or might not be presented at trial. See Malibu Media, LLC v. Doe, No. 14-20393-CIV-ALTONAGA (S.D. Fla. July 17, 2014) In considering a motion to dismiss, the Court must accept all factual allegations in the complaint as

4

true.[2]

As Plaintiff has alleged a complaint that is plausible on its face, Doe Defendant's motion to dismiss should be **DENIED**.

**B.     Motion to Quash**

The court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P 45(d)(3)(A). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45(d)(1) advisory committee's note to the 1970 Amendment.

Doe Defendant requests the subpoena be quashed for the same reasons it provides in support of the motion to dismiss Plaintiff's claim.

As an initial matter, Doe Defendant does not have standing to quash the subpoena. As Doe Defendant is not the recipient of the subpoena, he/she only has standing to challenge a subpoena when he "alleges a 'personal right or privilege with respect to the materials subpoenaed.'" Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 n.3 (N.D. Ga. 2001) (quoting Brown v. Braddick, 595

---

[2] Doe Defendant states that Mr. Fieser's testimony should be stricken "as being immaterial, impertinent, or scandalous," pursuant to Rule 12(f), Fed. R. Civ. P. (Dkt. 8 at 15) However, Doe Defendant's motion is a motion to dismiss, and 29 exhibits in support of the motion are attached.  Rule 12(d), Fed. R. Civ. P, provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion."  As the Court does not consider the information provided by Doe Defendant related to the reliability and admissibility of Mr. Feister's investigation, the Court excludes the attachments to Doe Defendant's motion.

F.2d 961, 967 (5th Cir. 1979)). Although Doe Defendant alleges that Plaintiff's discovery of his identity from the ISP "is certain to result in a blatant violation of [his] right to privacy," (Dkt. 8 at 16), he does not possess a right to privacy based on his internet service subscription. See Malibu Media, LLC v. John Does 1-25, No 2:12-CV-266-FTM-29, 2012 WL 3940142, at *6 (M.D. Fla. Aug. 21, 2012) report and recommendation adopted, 2012 WL 3941770 (M.D. Fla. Sept. 10, 2012). "'Additionally, an individual has no protected privacy interest in their name, address, phone number, e-mail address, or Media Access Control address when there is an allegation of copyright infringement.'" AF Holdings, LLC v. Does 1-162, No. 11-23036-CIV, 2012 WL 488217, at *4 (S.D. Fla. Feb. 14, 2012) (quoting First Time Videos, LLC v. Does 1–18, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011)). Accordingly, Doe Defendant's motion to quash the subpoena should be **DENIED**.

**C.**     Motion for Protective Order

In the event Plaintiff's claim is not dismissed, Doe Defendant states "a protective order is proper to protect [Doe] Defendant from the annoyance, embarrassment, oppression, and undue burden and which would forbid the disclosure of his/her information to [Plaintiff]." (Dkt. 8 at 16) However, as the Court has already addressed, appropriate steps were taken to protect Doe Defendant when the Court granted Plaintiff's Corrected Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. (Dkt. 7 at 5-7)  Further, granting the protective order to the extent sought by Doe Defendant would preclude Plaintiff from learning Doe Defendant's identity from the ISP, which the Court has already determined Doe Defendant does not have standing to object to the discovery of his/her identity. Therefore, Doe Defendant's motion for protective order should be **DENIED**.

**Conclusion**

Plaintiff's claim is plausible on its face and should not be dismissed. Furthermore, Doe Defendant does not have standing to challenge the subpoena issued by Plaintiff to ISP Time Warner Cable as there is no right or privilege associated with an internet service subscription. Finally, a protective order is inappropriate as sufficient safeguards were put in place when the Court granted Plaintiff leave to conduct early discovery.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Doe Defendant's Omnibus Motion to Dismiss Action with Motion to Quash Non-Party Subpeonas or Enter Protective Order, with Incorporated Memorandum of Law (Dkt. 8) be **DENIED**.

DATE: July 29, 2014

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge